FILED
MAY 20 2010
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ISRAEL VENEGAS aka VENEGAS ISRAEL aka ISRAEL ARCOS and LETICIA ARCOS VENEGAS aka LETICIA G. ARCOS aka A. VENEGAS LETICIA aka G. ARCOS LETITIA,<br><br>        Debtors. | Case No. 08-54541-ASW<br>Chapter 7 |
| STATE FARM BANK, FSB,<br><br>        Plaintiff,<br><br>vs.<br><br>LETICIA A. VENEGAS aka LETICIA ARCOS VENEGAS,<br><br>        Defendant. | Adversary No. 08-5328-ASW |

**MEMORANDUM DECISION ON STATE FARM BANK'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court is the motion of Plaintiff State Farm Bank, FSB ("State Farm") for summary judgment against Defendant Leticia Arcos Venegas ("Debtor"). State Farm is represented by Cheryl C.

Rouse, Esq. of the Law Offices of Rouse & Bahlert. Debtor is represented by Samuel A. Maverick, Esq. of the Law Offices of Rodney M. Kleman. Debtor has filed no written opposition to State Farm's motion.

This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.

FACTUAL BACKGROUND

In September 2006, Debtor opened a credit card account with State Farm. Affidavit of State Farm Bank, FSB Verifying Documents in Support of Plaintiff's Motion for Summary Judgment (the "Affidavit") at ¶ 5b. On June 19, 2008, Debtor paid the attorney representing Debtor in this bankruptcy case and participated in credit counseling. Statement of Financial Affairs at ¶ 9, Certificate of Credit Counsel filed August 19, 2008. Between June 24, 2008 and July 17, 2008, five days after paying her bankruptcy attorney, Debtor used her State Farm-issued Visa credit card in forty-five transactions and incurred $6,898.37 in charges for cash, goods and services, and fees. Affidavit at 5(e). The credit limit on Debtor's account with State Farm was $6,500. Affidavit at ¶ 5c. Prior to incurring the charges at issue Debtor's account was in good standing and had a zero balance. Affidavit at ¶ 5i.

The charges at issue include, among other things, two cash advances totaling $3,200.00, with associated fees of $96.00; one charge at "Disney-WOTC" in the amount of $1,046.10; eight charges at various restaurants totaling $428.88; two charges at Macy's

totaling $347.36; one charge at Toys 'R' Us in the amount of $175.88; one charge at the Monterey Bay Aquarium in the amount of $167.80; $32.22 at TLF*Flower Magik; $18.00 at Top Nails; $5.90 at Sherri's Cookies; $5.98 at Geni Sweet Things; $22.07 at Choice Fashion; $48.47 at Designer Perfume; a total of $207.25 at the AT&T Ballpark; and a total of $36.25 at Maya Cinemas. Affidavit, Exhibit A.

Debtor, along with her joint-debtor husband, filed a voluntary Chapter 7 bankruptcy petition on August 19, 2008 (the "Petition Date"). The cash advances were incurred on or within 70 days of the Petition Date, and the charges for goods and services were incurred on or within 90 days of the Petition Date.

According to Debtor's Schedules, Debtor was unemployed beginning April 16, 2008. Debtor ceased receiving disability payments on June 1, 2008 and began receiving unemployment benefits on June 23, 2008. Schedule I.

II.

PROCEDURAL BACKGROUND

On November 24, 2008, State Farm commenced the instant Adversary Proceeding by timely filing a Complaint to Determine Dischargeability of Debt (the "Complaint"). The Complaint seeks a determination that a credit card debt of $6,898.37, plus interest and costs, is nondischargeabile under 11 U.S.C. § 523(a)(2)(A) and (C).

Debtor filed an Answer to Complaint of State Farm Bank, FSB on December 23, 2008 (the "Answer").

On March 19, 2009, State Farm's counsel served Debtor with Plaintiff's First Set of Interrogatories, First Request for Admissions and First Request for Production of Documents (the "Discovery"). Declaration of Cheryl C. Rouse in Support of Plaintiff's Motion for Summary Judgment ("Rouse Declaration") at ¶ 3. The time to answer the Discovery expired on April 21, 2009. On May 11, 2009, State Farm's counsel wrote to Debtor's counsel advising that the time to respond had expired and requesting that the responses be served. Id. at ¶ 4. Despite the efforts of State Farm's counsel, Debtor has never responded to the Discovery or requested an extension of time to respond. Id.

On June 25, 2009, State Farm filed Plaintiff's Motion for Summary Judgment (the "Motion"). On September 9, 2009, the Motion was heard and the Court issued an Order Ordering State Farm Bank to Provide Declaration in Support of Motion for Summary Judgment (the "Order"). The Order required State Farm to file a declaration authenticating the credit card statements filed by State Farm as an exhibit to the Complaint and an appendix to the Rouse Declaration. In response to the Order, State Farm filed the Affidavit on October 12, 2009.

III.

ANALYSIS

The Motion seeks Summary Judgment against Debtor. In support of the Motion, State Farm relies primarily on the "deemed admissions" arising from Debtor's failure to respond timely to Plaintiff's Request for Admissions Under Federal Rule of Bankruptcy Procedure 7036 and Federal Rule of Civil Procedure 36

served on Debtor on March 19, 2009 (the "Request for Admissions"). However, independent of the deemed admissions, there is substantial evidence in support of the Motion.

A. Requirements for Summary Judgment under FRCP 56

Federal Rule of Civil Procedure ("FRCP") 56, made applicable by Federal Rule of Bankruptcy Procedure ("FRBP") 7056, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Therefore, to prevail on a motion for summary judgment, State Farm must make a *prima facie* showing that no genuine issue of material fact exists as to the elements of the causes of action alleged in the underlying Complaint. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

B. Deemed Admission under FRCP 36(a)(3)

In support of summary judgment, State Farm relies on Debtor's failure to respond to the Request for Admissions. Pursuant to FRCP 36(b), made applicable by FRBP 7036, a party is deemed to conclusively admit any matter stated in a request for admission unless that party serves upon the requesting party a written response or objection within 30 days. Although FRCP 36(b) allows a party to move for withdrawal or amendment of such deemed admissions, no such motion has been made in the instant case. Without such a motion, the deemed admissions stand. Layton v. Int'l Ass'n of Machinists and Aerospace Workers, 285 F.App'x. 340,

2008 WL 1734191 (9th Cir. 2008)(citing American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1119-20 (5th Cir. 1991)(abuse of discretion for the court to *sua sponte* withdraw admissions without proper motion)). In addition, the Ninth Circuit has held that "[u]nanswered requests for admissions may be relied on as the basis for granting summary judgment." Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007).

The issue for the Court's consideration of the instant Motion is whether the statements deemed to be admitted by Debtor under FRCP 36 are sufficient to support the entry of summary judgment in this matter under FRCP 56.

> Interpreting Federal Rule of Civil Procedure 56 the Ninth Circuit has held that it is "the burden of the moving party to demonstrate the absence of any material fact." This is true, even when the party against whom the motion for summary judgment is directed has not filed any opposition. A court should deny a motion for summary judgment if "the movant's papers . . . themselves demonstrate the existence of a material issue of fact."

Cristobal v. Siegal, 26 F.3d 1488, 1494-95 (9th Cir. 1994)(citations omitted). Even though Debtor has failed to oppose this motion, Cristobal makes clear that the Court must nonetheless determine whether State Farm has demonstrated that no material fact exists as to the elements of the alleged causes of action. The Court must closely examine the elements of the causes of action and the statements State Farm seeks to have deemed admitted by Debtor. In addition, the Court may take notice of the filings in this case. Fed. R. Evid. 201.

C.  Causes of Action Alleged in the Complaint

The Complaint has alleged two causes of action -- Bankruptcy Code § 523(a)(2)(A) and Bankruptcy Code § 523(a)(2)(C). The pertinent language from Bankruptcy Code § 523(a) is as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt --
>
> . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition
>
> . . . or
>
> (C)(i) for purposes of subparagraph (A)--
> > (I) consumer debts owed to a single creditor and aggregating more than $550 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and
> > (II) cash advances aggregating more than $825 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable . . . .

11 U.S.C. §523(a).

1.  **Bankruptcy Code § 523(a)(2)(C)**

Bankruptcy Code § 523(a)(2)(C) provides two presumptions for nondischargeability under 523(a)(2) -- one for luxury goods and services and one for cash advances. Consumer debts owed to a single creditor and aggregating more than $550 for luxury goods

and services incurred by an individual within 90 days of the order for relief are presumed nondischargeable under § 523(a)(2)(C)(i)(I). The presumption period under § 523(a)(2)(C)(i)(II) for cash advances aggregating more than $875 is 70 days prior to the order for relief.

However, "goods or services reasonably necessary for the support or maintenance of the debtor or a dependant of the debtor" as defined in Bankruptcy Code § 523(a)(2)(C)(ii)(II), are not considered "luxuries." The mere fact that goods or services do not qualify as necessities does not automatically mean that they are "luxuries." Shah v. Shaw (In re Shaw), 294 B.R. 652 (Bankr. W.D. Pa. 2003). Considerations bearing on whether a purchase qualifies as a "luxury" purchase include the following: circumstances surrounding the purchase; whether the item serves a significant family function; and whether the purchase shows financial irresponsibility. Purchases that are extravagant, indulgent, or nonessential under the circumstances are considered "luxury" purchases. General Motors Acceptance Corp. v. McDonald (In re McDonald), 129 B.R. 279, 283 (Bankr. M.D. Fla. 1991); Meyer v. Meyer (In re Meyer), 296 B.R. 849, 865 (Bankr. N.D. Ala. 2003).

2. **Bankruptcy Code § 523(a)(2)(A)**

Without the application of the two presumptions of nondischargeability, the creditor must prove actual fraud by a preponderance of the evidence to prevail in a nondischargeability action under Bankruptcy Code § 523(a)(2)(A). In re Etell, 188 F.3d 1141, 1144 (9th Cir. 1999); Grogan v. Garner, 498 U.S. 279, 286 (1991). The elements of a fraud cause of action are: (1) the

debtor made representations to the creditor; (2) the debtor knew the representations were false at the time they were made; (3) the debtor made the representations with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representations; and (5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. Citibank v. Eashai (In re Eashai), 87 F.3d 1082, 1086 (9TH Cir. 1996). With respect to a credit card debt, where the purchases are made with no intention at that time to repay the debt, the debt must be held non-dischargeable pursuant to § 523(a)(2)(A). Citibank v. Dougherty (In re Dougherty), 84 B.R. 653, 657 (9th Cir. BAP 1988).

The intention of the debtor to repay the creditor is central to both the second and third factors of the fraud cause of action under Eashai. The Dougherty decision set forth a list of twelve non-exclusive factors to be considered in determining debtor's intent.[1] The Ninth Circuit adopted these factors in Eashai, 87 F.3d at 1088.

As to the fourth element of fraud under Eashai, the issuer of a credit card "justifiably relies on a representation of intent to repay as long as the account is not in default and any initial

---

[1] The factors are: (1) the length of time between the charges made and the filing of bankruptcy; (2) whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made; (3) the number of charges made; (4) the amount of the charges; (5) the financial condition of the debtor at the time the charges are made; (6) whether the charges were above the credit limit of the account; (7) whether the debtor made multiple charges on the same day; (8) whether or not the debtor was employed; (9) the debtor's prospects for employment; (10) financial sophistication of the debtor; (11) whether there was a sudden change in the debtor's buying habits; and (12) whether the purchases were made for luxuries or necessities. Dougherty, 84 B.R. at 657.

Case: 08-05328    Doc# 26    Filed: 05/26/10    Entered: 05/27/10 14:47:37    Page 9 of 14
ADVERSARY NO. 08-5328-ASW

investigations into a credit report do not raise red flags that would make reliance unjustifiable." Anastas v. American Savings Bank (In re Anastas), 94 F.3d 1280, 1286 (9th Cir. 1996).

D. Summary Judgment is Supported by Deemed Admissions

Applying the deemed admissions, State Farm has made a *prima facie* showing as to both causes of action alleged in the Complaint. Request for Admission 56 states that Debtor incurred the charges at issue were incurred through false pretenses, a false representation or actual fraud.

Beyond this conclusory admission, however, the Request for Admissions establishes the elements of actual fraud required under Bankruptcy Code § 523(a)(6). Paragraph 4 of the Request for Admissions establishes that Debtor made, authorized or allowed another to make the charges at issue. Paragraph 52 of the Request for Admissions states that at the time the charges at issue were made, Debtor did not have the intent to repay the debt. Further, the Request for Admissions sets forth additional elements that have been held to be indicative of fraudulent intent under the so-called "Dougherty factors."[2] Paragraph 54 of the Request for Admissions provides that Debtor does not dispute that State Farm justifiably relied on Debtor's misrepresentation of her intent and ability to repay the charges at issue.[3] Finally, Paragraph 55 of the Request for Admissions establishes that State Farm sustained loss and damages in the amount of $6,898.37, which balance State

---

[2] See Request for Admissions, ¶¶ 6, 7, 19, 20, 29, and 31-52.

[3] State Farm's justifiable reliance is also supported by Request for Admissions ¶¶ 27 and 28 and Affidavit at 5i.

Farm is unable to collect, as a proximate result of extending credit based on Debtor's misrepresentations.

The Request for Admission also establishes the elements for the Complaint's cause of action under Bankruptcy Code § 523(a)(2)(C). See Request for Admission, ¶¶ 10, 11 and 19.

E. Further Evidence in Support of Summary Judgment

Although the Motion relies primarily on the deemed admissions, the pleadings in support of the Motion also cite to other evidence outside these deemed admissions. Debtor's credit card statements, submitted as an attachment on the Complaint and the Rouse Declaration, show that the charging activity during the pre-petition period at issue was inconsistent with, and represented a sudden change from, Debtor's prior use of the account. Before incurring the charges at issue, Debtor's account had a zero balance and was in good standing. The charges at issue thereafter exceeded the credit limit on Debtor's account and Debtor made no payment on the account after incurring the charges.

The detail of the charges incurred also supports the application of the presumptions for nondischargeability under Bankruptcy Code § 523(a)(2)(C)(i)(I) and (II). The charges at issue were all incurred on or within the relevant time periods before Debtor filed her bankruptcy petition. The charges include two cash advances totaling $3,200. Most of the remaining charges appear, on their face, to be for luxury goods and services incurred within the 90-day presumption period under section 523(a)(2)(C)(i)(I), and includes such charges as $1,406.10 at Disneyland; $428.88 at various restaurants; $207.25 at the AT&T

Ballpark; $175.88 at Toys "R" Us; $167.80 at the Monterey Bay Aquarium; $48.47 at Designer Perfume; $36.25 at Maya Cinemas; $32.22 at TLF*Flower Magik; $22.07 at Choice Fashion; $18.00 at Top Nails; $5.98 at Geni Sweet Things; and $5.90 at Sherri's Cookies. An additional $235.46 represents cash advance fees, a late fee, an overlimit fee, and finance charges based solely on the charges at issue.[4] State Farm appears to have a presumption of nondischargeability for approximately $6,322.67, not including charges for transportation, dental and education costs, which are likely reasonably necessary expenses.

There is additional support for the contention that Debtor was in a poor financial state when Debtor incurred the charges at issue prior to filing for bankruptcy. According to Schedules I and J of Debtor's petition, Debtor and her spouse had joint monthly income of $4,770.09 and monthly expenses of $4,828.00, not including payments on the subject credit card debt. Debtor was unemployed from April 16, 2008, and relied on disability and unemployment compensation as sources of income. Further, according to Debtor's Statement of Financial Affairs and Certificate of Credit Counseling, Debtor contemplated filing for bankruptcy, consulted an attorney regarding relief under bankruptcy law, and attended credit counseling. Nonetheless, Debtor proceeded thereafter to incur all of the charges at issue.

---

[4] Bankruptcy Code § 523(a)(2)(A) prevents the discharge of "any debt" respecting money, property, services, or credit that the debtor has fraudulently obtained. Cohen v. de la Cruz, 523 U.S. 213, 218 (1998). As Cohen makes clear, "[o]nce it is established that specific money or property has been obtained by fraud . . . 'any debt' arising therefrom is excepted from discharge." Id. at 218.

State Farm has successfully carried its summary judgment burden with respect to all the elements of fraud under 11 U.S.C. § 523(a)(2)(A), even without reliance upon the deemed admissions.

IV.

CONCLUSION

For the reasons set forth in this Memorandum Decision, State Farm's Motion for Summary Judgment is granted. Counsel for State Farm shall submit a proposed form of judgment after serving it for review upon counsel for Debtor.

DATED: May 26, 2010

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Court Service List

Plaintiff
State Farm Bank, FSB
c/o Becket & Lee LLP
16 General Warren Boulevard
P.O. Box 3001
Malvern, PA 19355

Plaintiff's Attorney
Cheryl C. Rouse
Law Offices of Rouse and Bahlert
345 Franklin Street
San Francisco, CA 94102

Defendant
Leticia A. Venegas
225 Park Street
Salinas, CA 93901

Defendant's Attorney
Samuel Maverick
Maverick Law Offices
1945 Murguia Avenue
Santa Clara, CA 95050-6933

U.S. Trustee
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 South 1st Street #268
San Jose, CA 95113-3004